IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH K. BURKE, | ) | 4:09CV3080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE UNITED STATES OF NORTH AMERICA, | ) ) ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on April 27, 2009. (Filing No. 1.) Also pending before the court is Plaintiff's Motion to Appoint Counsel. (Filing No. 3.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 27, 2009, against the United States of North America. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he was denied a right to a speedy trial, was "not able to vote or run for public office" while his case was pending in the Nebraska Supreme Court, did not put scratch marks on "deceased police officer Jerry Sucsdorf," and has a right to "hand dig a head of a dragon rising out of all the fresh water of NEBRASKA." (*Id*.) Plaintiff also alleges that the dragon is already visible "to computer geeks" who are part of new nation formed by one artist "some 10 to 14 years ago." (*Id*.) Plaintiff seeks "relief" and the right to vote. (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Right to Vote Claim

The court has carefully reviewed Plaintiff's Complaint. Plaintiff, however, has failed to clearly allege why he is not permitted to vote. To the extent that Plaintiff is challenging the denial of his voting rights as a collateral consequence of a conviction,

2

he should do so in a habeas corpus or similar proceeding.[1] *See Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Broughton v. State of N.C., 717 F.2d 147, 148-49 (4th Cir. 1983)* (where a criminal conviction results in the continued denial of a plaintiff's right-to-vote, a claim for habeas relief remains a live controversy even after the plaintiff has been released from custody).

B.    Plaintiff's Remaining Claims

Plaintiff's remaining claims, even when liberally construed, do not set forth an "arguable basis either in law or in fact." *See Neitzke v. Williams, 490 U.S. 319, 325 (1989)* (stating a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). As such, they are frivolous. However, because Plaintiff may have intended to challenge a collateral consequence of a conviction, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2.    Plaintiff's Motion to Appoint Counsel (filing no. 3) is denied as moot.

---

[1] As set forth by the Supreme Court in *Preiser v. Rodriquez, 411 U.S. 475 (1973)* and *Heck v. Humphrey, 512 U.S. 477 (1994)*, if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck, 512 U.S. at 486-87.*

3. A separate judgment will be entered in accordance with this Memorandum and Order.

May 21, 2009. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge